## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

ALLSTATE INDEMNITY COMPANY                  PLAINTIFF

VERSUS                   Nº 3:07-CV-072-A-A

PATRICK BATES                  DEFENDANT

## MEMORANDUM OPINION
## ON THE PLAINTIFF'S MOTION {Nº 15}
## FOR SUMMARY JUDGMENT AND DECLARATORY JUDGMENT

The plaintiff, Allstate Indemnity Company ("Allstate"), argues that it is entitled to judgment as a matter of law under FED. R. CIV. P. 56 because there is no genuine issue of material fact about whether it is required to defend the defendant, Patrick Bates, in a civil suit pending in the Circuit Court of Lafayette County, Mississippi. Additionally, under 28 U.S.C. § 2201, Allstate asks this court for a declaration that it is not required to defend Patrick Bates in the state-court proceedings.

For the following reasons, the motion {Nº15} is **GRANTED**.[1] Concurrently, the defendant's motion {Nº21} to stay all proceedings is **DENIED AS MOOT**.

### I. Summary Judgment Standard

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to enter judgment on this motion. *See* 28 U.S.C. § 636(b)(1)(B); {Nº19: Order of Reference}.

U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case.").

Under FED. R. CIV. P. 56(e), the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Finally, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986).

## II. Factual Background

This case owes its existence to one evening's bad decisions. In twilight hours of April 4, 2006, Brents Herron, after having an altercation with Ryan Pique, returned to the University of Mississippi campus. Herron apparently organized some fellow students (presumably friends) into a "posse" [which Pique denominated a "Mob" in his state court complaint], of which the defendant Patrick Bates was a member. The

group's purpose was to exact some measure of revenge against Ryan Pique and the other residents of 1413 Van Buren Avenue, Oxford, Mississippi. Upon arrival at 1413 Van Buren, the posse, according to Mr. Pique's state-court complaint, acted as follows:

> At approximately 3:55 A.M. on April 4, 2006, one and a half to two hours after Herron initially departed [Pique's] residence, [the posse] arrived at 1413 Van Buren in various vehicles. The [group] exited their vehicles, ascended the concrete stairs leading to [Pique's] residence from Van Buren Avenue, and positioned themselves at various locations throughout Plaintiff's front yard and front porch. The [group] . . . screamed obscenities toward [Pique's] house, the sound of which awoke [Pique] who had been asleep on a couch immediately inside the front door of the residence. Members of the [group] threw a large porch swing at the house, crashing it through the living room window above the couch on which [Pique] has been sleeping, and threw a brick or some similar object through a window of a front door of the house.
>
> [Pique] attempted to telephone "911" emergency services but was unable to complete the call due to the cries of his roommate, Shawn Bacon, who was shouting [Pique's] name from the front yard of the residence. [Pique] ran to the front porch of his residence where, without provocation, he was immediately assaulted and beaten by the [posse]. Shortly thereafter, [Pique] lost consciousness.
>
> [T]he [group] continued its attack on [Pique] despite his incapacitated state and utter inability to defend himself. With the intent of killing [Pique] or causing him to suffer great and serious bodily harm, some or all [of the group] savagely and viciously prolonged the beating, striking [Pique] about the head and upper torso with club-like weapons, including a traffic sign, the post end of which was used to strike and stab down on [Pique's] face. The [posse] then dragged [Pique's] seemingly lifeless body down twelve concrete steps leading to Van Buren Avenue and approximately sixty . . . feet down Van Buren Avenue toward one or more of [the group's] vehicles.
>
> After [the group] fled the scene, [Pique] was found by his roommate lying motionless in a pool of his own blood in the middle of Van Buren Avenue.

{Nº15-3, at pp. 4-5}.

On August 14, 2006, Ryan Pique filed suit against, among others, Patrick Bates, in the Circuit Court of Lafayette County, Mississippi. In that suit, Mr. Pique alleges assault and battery, intentional or negligent infliction of emotional distress, general negligence, trespass, and civil conspiracy. Bates was served on August 31, 2006.

On September 1, 2006, Allstate received its first notice of a claim. Allstate had issued a Deluxe Homeowner's Policy ("the Policy") to Dan and Patricia Bates for their home in Georgia. Dan and Patricia Bates are the defendant's parents. Around November 7, 2006, Allstate sent Dan and Patricia Bates a reservation-of-rights letter, reserving Allstate's right to deny coverage under the terms of the Policy.

On June 15, 2007, Allstate filed this case seeking a declaration that it is not obligated to provide "coverage, indemnification, or a defense to Patrick Bates under [the Policy]" in the Pique lawsuit pending in the Lafayette County Circuit Court (Nº1, at p. 7).

### III. Discussion

#### A.    *Applicable Substantive Law*

This court's jurisdiction is premised on diversity of citizenship. A federal court sitting in diversity applies the conflict-of-laws rules of the state where it sits. *Nailen v. Ford Motor Co.*, 873 F.2d 94, 96 (5th Cir. 1989). This court, therefore, will apply the Mississippi conflict-of-laws rules to determine which state's substantive law controls this case.

For general contracts,[2] the parties' choice of law is controlling. *Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 619 So. 2d 908, 911 (Miss. 1993). In the absence of a contractual provision, however, the law of the state with the most significant relationship to the contract shall govern. *Baites v. State Farm Mut. Auto Ins. Co.*, 733 So. 2d 320, 322-23 (Miss. Ct. App. 1998). Two options are apparent: Mississippi or Georgia. The court concludes that Georgia law applies because Georgia has the most significant relationship to this contract.[3]

To determine which state has the most significant relationship, the Mississippi Court of Appeals has utilized these factors: "(a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter; (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Baites*, 733 So. 2d at 323.

The insurance policy was executed in Georgia, among Georgia residents and a Georgia insurance agent. The policy primarily insures a home located in Georgia. Finally, all parties are Georgia residents (including the defendant Bates). It is apparent, and undisputed by the parties, that Georgia law should govern.

---

[2] Courts have consistently held that insurance policies are not "goods" as defined in the Uniform Commercial Code. *See* MISS. CODE ANN. § 75-2-102 (defining scope of U.C.C. in Mississippi); *see also Bartley v. National Union Fire Ins. Co.*, 825 F. Supp. 624, 636 (N.D. Tex. 1992) (finding that insurance policies do not fit within definition of "goods" contemplated in U.C.C.). The distinction is important because there are different choice-of-laws rules governing U.C.C. contracts. *See Dunavant Enters., Inc. v. Ford*, 294 So. 2d 788, 791 (Miss. 1974); MISS. CODE ANN. § 75-1-105(1).

[3] The parties also agreed that Georgia law applies.

Allstate offers three alternatives, arguing that any one of which justify awarding summary judgment to it. First, the alleged incident of April 4, 2006 does not constitute an "occurrence" under the insurance policy. Second, the policy's "criminal/intentional acts" exclusion applies, excluding coverage. Third, the Bates' late notification precludes coverage under the insurance policy.

**B.     *The April 4, 2006 Incident does not Constitute an "Occurrence" under the Insurance Policy***

Under Georgia law, an "insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." *Garland, Samuel & Loeb, P.C., v. Am. Safety Cas. Ins. Co.*, 651 S.E.2d 177, 179 (Ga. Ct. App. 2007).

The insurance policy provides coverage for "damages which an insured person becomes legally obligated to pay because of bodily injury or property damages arising from an **occurrence** to which this policy applies . . ." {№15-2, at p. 20} (emphasis added). An "occurrence" means: "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, during the policy period, resulting in bodily injury or property damage" {*Id.* at 4}. The policy does not define "accident," leaving Georgia law to fill the gap.

Under the Georgia Code, accident "means an event which takes place without one's foresight or expectation or design." GA. CODE ANN. § 1-3-3(2) (West 2007). "However, when used in an insurance policy, accident has a further meaning limited by the occurrence or event as to causation of injury or damage; '[a]n accident is an

-6-

unexpected happening rather than one occurring through intention or design.'" *Custom Planning & Dev., Inc. v. Am. Nat'l Fire Ins. Co.*, 606 S.E.2d 39, 41 (Ga. Ct. App. 2004).[4]

The operative question is whether Pique's complaint filed in the Lafayette County Circuit Court alleges intentional conduct by the defendant Bates. *See, e.g., Bituminous Cas. Corp. v. Northern Ins. Co. of New York*, 548 S.E.2d 495, 497 (Ga. Ct. App. 2001) ("[T]he issue is not whether the insured is *actually liable* to the plaintiffs [in the underlying action]; the issue is whether a claim has been asserted which falls within the policy coverage and which the insurer has a duty to defend.").

Pique alleges assault and battery, intentional and/or negligent infliction of emotional distress, general negligence, trespass and civil conspiracy. It is uncontroverted that assault and battery, trespass, and civil conspiracy are intentional in that they are not "unexpected happenings" resulting from Bates' conduct as alleged in the state-court complaint. *See* n.4, *supra*; *Jefferson Ins. Co. of New York v. Dunn*, 496 S.E.2d 696, 697-98 (Ga. 1998) (assault and battery not an "accident).

Bates asserts that because Pique also alleged negligence, *i.e.*, unintentional conduct, Allstate has a duty to defend Bates in the state-court action. Georgia law provides otherwise. In *Dynamic Cleaning Service, Inc. v. First Financial Insurance Company*, 430 S.E.2d 33 (Ga. Ct. App. 1993), the Georgia Court of Appeals considered a similar argument—that a mixture of intentional and unintentional conduct requires

---

[4] *See also City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 498 S.E.2d 782, 784-85 (Ga. Ct. App. 1998) (trespass not an "accident"); *Allstate Ins. Co. v. Grayes*, 454 S.E.2d 616 (Ga. Ct. App. 1995) (intentional shooting not an accident).

an insurance company to provide coverage. In *Dynamic Cleaning Service*, the underlying complaint alleged negligence in creating the circumstances that allowed the assault and battery to occur. 430 S.E.2d at 37. Whatever truth there was to that allegation, the Court of Appeals found that the plaintiff's injuries "arose out of and were clearly based on the assault and battery. Consequently, the fact that [the defendant in the underlying action] may have negligently allowed the assault to occur does not negate the effect of the exclusion." *Id.*[5] That logic applies here. The damages alleged by Pique arose out of the assault and battery – the physical acts that injured him. "[B]ecause the plaintiff [here, Pique] alleges that the acts and resulting harm were intentional, [the court] cannot says that any alleged bodily injury [he] may have suffered was unintended or the result of an accident." *Hain v. Allstate Ins. Co.*, 471 S.E.2d 521, 522 (Ga. Ct. App. 1996).

"An unambigous policy requires no construction, and its plain terms must be given full effect even though they are beneficial to the insurer and detrimental to the insured."*Liberty Nat'l Ins. Co. v. Davis*, 401 S.E.2d 555, 556 (Ga. Ct. App. 1991).

In light of the foregoing, no genuine issue of material fact prevents a decision of whether the insurance policy requires coverage for Bates' defense in the state-court case, and Georgia law mandates that this court enter summary judgment for the

---

[5] The Georgia Supreme Court similarly construed the *Dynamic Cleaning Service* case. In *Jefferson Insurance Company of New York v. Dunn*, 496 S.E.2d 696 (Ga. 1998), the court noted in a parenthetical that *Dynamic Cleaning Service* proposed that "where negligence is asserted as a concurrent cause of the injury, coverage need not be provided where the harm clearly arose out of the conduct that came within the scope of the exclusionary clause." *Dunn*, 496 S.E.2d at 699.

plaintiff, Allstate Indemnity Company.

### IV. Conclusion

The plaintiff's motion for summary judgement {Nº15} is **GRANTED**. A separate order and declaration, consistent with 28 U.S.C. § 2201, shall issue concurrently.

**SO ORDERED**, this the 14th day of November, 2007.

*/S/ S. Allan Alexander*
UNITED STATES MAGISTRATE JUDGE